ELLIS, Judge:
Randy Joseph Parker is the father of Brandy Lynn Parker, who was born November 5, 1976. Brandy’s mother, Elizabeth Ann Kettles Parker, died on July 10, 1977. On January 20, 1978, Mr. Parker and his sister, Kim Lorraine Parker Clement (now wife of Peter J. Chopin), filed a joint petition in which they asked that Mrs. Cho *282 pin be granted temporary custody of Brandy, because of Mr. Parker’s alleged inability to care for her properly. A judgment was signed accordingly on the same day.
On September 26, 1978, Mr. Parker filed a rule to regain custody, alleging that he had remarried and was in a position to care for Brandy, but that Mrs. Chopin refused to relinquish custody to him. Mrs. Chopin then filed a rule for permanent custody of Brandy. After a hearing, judgment was signed on November 17, 1978, granting full custody to Mrs. Chopin, with liberal visitation rights to Mr. Parker. This judgment was not appealed and became final.
On August 8, 1979, Mrs. Chopin obtained an ex parte order, changing and limiting the visitation rights previously granted to Mr. Parker. Mr. Parker then filed a motion to set aside the ex parte order and to hold a contradictory hearing on the question of altering the prior judgment.
On November 9, 1979, an “extensive conference” was held by the trial judge with counsel for both parties. As a result, Mr. Parker withdrew the motion to set aside the ex parte order, and the matter was submitted to the court for determination. The court ordered that Mrs. Chopin, Mr. Parker, Mrs. Parker, and Brandy all be evaluated by a child psychiatrist, and fixed visitation rights for Mr. Parker, pending receipt of a report from the psychiatrist. The court further stated: “This is not a custody hearing in any way. This was a matter involving a multitude of problems on visitation and otherwise.”
After the evaluation report was received, the court, on October 22, 1980, signed a judgment denying “a request for a change of custody by Randy Joseph Parker” and fixing visitation rights. From this judgment, Mr. Parker has appealed, assigning as error the failure of the court to award custody to him.
As can be seen from the foregoing review of the proceedings herein, custody was not at issue, either by pleading or by stipulation. Because custody was specifically said not to be at issue, we consider the denial of a change of custody to be surplusage in the judgment, presenting no issue for review by this court. No complaint is made as to any other matter covered by the judgment.
The judgment is therefore affirmed as to all matters properly before the trial court, at the cost of Randy Joseph Parker.
AFFIRMED.