434 So.2d 1256 (1983)
In the Matter of Brandy Lynn PARKER.
No. 83 CJ 0029.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Daniel E. Becnel, Jr., Reserve, for plaintiff-appellee Randy Parker.
Douglas T. Curet, Hammond, for defendants-appellants Kim Lorraine Parker and Clement Chopin Tonore.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
This is an appeal of the judgment of the trial court changing custody of Brandy Lynn Parker, a minor child, from her aunt, Kim Parker Tonore, appellant herein, to her father, Randy Parker, appellee.
Brandy Lynn Parker (Brandy) is the issue of a marriage between Randy J. Parker *1257 (Parker) and Elizabeth Ann Kettles Parker, born on November 5, 1976. On July 10, 1977, the child's mother died by accidental drowning. At that time, Parker was in the military service, so he left Brandy with her aunt, appellee's sister, Kim Parker Tonore (Tonore). In September, 1977, Parker obtained a hardship discharge from the military and returned to Louisiana. On January 19, 1978, Parker signed custody papers granting the temporary care, custody and control of Brandy to Tonore. In September, 1978, Parker filed suit seeking to regain custody of Brandy. The trial court refused, granting custody to Tonore by judgment dated November 17, 1978. No appeal was taken and the judgment became final.
In August, 1979, Parker filed suit seeking to enforce visitation privileges. The trial court ordered all concerned parties to submit to joint family counseling to attempt to work out their differences. On October 22, 1980, the trial court issued a new order relative to visitation. Parker lodged an appeal specifying as error the trial court's failure to change custody. We held that custody was not before the court and denied the relief sought. In the Matter of Parker, 409 So.2d 281 (La.App. 1st Cir.1981).
On December 22, 1981, Parker filed a new petition to gain custody. After hearing, the court, through Judge Pro Tempore C. Lenton Sartain, awarded custody to Parker pursuant to written reasons for judgment. Subsequently, Tonore perfected this appeal.
Tonore alleges that the trial court erred in changing custody and in finding that it was in the best interest of the child to do so. Also, it is alleged that the trial court erred in failing to decide the issue of child support.
The trial court's reasons for judgment were based solely on factual determinations. They are well reasoned and carefully thought out, but did not discuss the law relative to change of custody cases.
Until recently, Louisiana applied a "double burden" rule relative to change of custody cases. A party attempting to change custody had to prove that the party with custody was no longer properly providing for the child, and that the party seeking custody could better provide for the child. However, this rule was abrogated by Bordelon v. Bordelon, 390 So.2d 1325 (La. 1980). The court noted that the prior rule required danger of physical or psychological harm to the child for a change of custody. However, the court noted that the legislature's 1977 amendment to La.C.C. Art. 157 did away with that requirement.[1] Thus, the best interest of the child is the sole criterion applicable to change of custody cases. The court further stated that:
"... in child custody cases, the procedure for appellant review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion." 390 So.2d at pg. 1329.
Bordelon, supra, dealt with a change of custody case between two parents. In the instant case, we have a dispute between a parent and a non-parent. As Judge Lottinger stated in his concurrence in our earlier opinion in this matter at p. 282:
"It is crystal clear in this state that the rights of a parent over that of a nonparent are superior in questions of custody to the parent's child, absent proof that the parent is either unable or unfit to care for the child, or has forfeited parental responsibility. Wood v. Beard, 290 So.2d 675 (La.1974).
Thus, we are required to give preference to a parent over a non-parent.[2] The record *1258 herein supports the trial court's finding that Brandy has a fine relationship with her father. Furthermore, the record is totally devoid of proof that Parker is unfit to be the custodian of his daughter. We find no error in the trial court's finding that the home of Randy Parker and his present wife is very suitable for Brandy.
Appellant argues that the trial court treated this matter as an original custody case. Although this is admittedly reflected in the tone of the court's written reasons for judgment, it is clear that the trial court based its decision on the best interests of the child, as is required by Bordelon, supra, and La.C.C. Art. 157. The argument that the court should consider the stability of environment for the child is well founded. However, in considering the best interest of the child, the trial court should also consider other relevant factors. In this case, the weight of the evidence indicated that both homes were quite adequate, but the parental relation of Mr. Parker took precedence over the need for stability of environment. We find no legal or manifest factual error in the conclusion of the trial court.
Since we have affirmed the judgment, the question of child support need not be considered herein.
For the reasons assigned hereinabove, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.
NOTES
[1] Prior to 1977, the rule relative to change of custody cases was found in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971), which required a showing that the child was in danger of physical or psychological harm and that the party seeking custody could better provide for the child. However, after the 1977 amendment to La.C.C. Art. 157, the only criterion was the best interest of the child. After 1982, the rule relative to change of custody cases is found in La.C.C. Art. 146.
[2] The rule that a parent should have preference over a non-parent even in change of custody cases was codified by the legislature in 1982. It is now statutory that before a non-parent can be awarded custody of a child it must be proven that an award of custody to a parent would be detrimental to the child. La.C.C. Art. 146. Of course, this rule is not applicable to this case and we point it out only as being illustrative of intent to prefer a parent over a non-parent.